Jones, Oliver B., J.
This is a proceeding in error brought to review the judgment of the court of common pleas in granting a motion to discharge an attachment, where such motion was before the common pleas court upon appeal from the action of a justice of the peace thereon, under the provisions of Section 10260, General Code.
The defendant in error, by a motion to strike the petition in error from the files, raises a question of the jurisdiction of this court to entertain these proceedings. The right of the circuit court to review such proceedings has been recognized by the circuit court in at least two cases: Bernard v. Schwarts et al., 22 C. C., 147, and. Benoski v. The C. F. Adams Co., 18 C. C., N. S., 478, 479. *228 This right of review has been denied by the decision of the circuit court of the first circuit in at least three cases: Lyon v. Phares, 9 C. C., N. S., 614; Williams v. McCartney, 10 C. C., N. S., 161, and Greenhow v. Harrison, 12 C. C., N. S., 128.
As Section 10260, General Code, itself designates as a, “judgment” the action of the court upon final hearing of a motion to discharge, and provides that it shall be transmitted with the original papers to the justice of the peace and such judgment entered by him upon his docket as the final determination of the motion, we must consider this action of the court of common pleas as a final judgment which is subject to review by this court under the provisions of Section 6, Article IV of the Constitution as amended, as construed by the supreme court of Ohio in Cincinnati Polyclinic v. Balch, 92 Ohio St., 415.
The motion to strike the petition in error from the files is therefore overruled.
Coming to review the action of the common pleas court in discharging the attachment, we find that the question as to whether the attachment should be sustained or discharged depends upon the ownership or title to the property attached at the time the attachment was levied. The evidence upon this question is in the form of affidavits embodied in a bill of exceptions. Possibly, if we had been occupying the position of a trial court, our finding as to the title of the property attached^ might not have coincided with that of the learned judge who passed upon the evidence in that court, still we can not say that his finding is so manifestly against the weight of the evidence as to require a reversal.
*229 Finding no prejudicial error in the record, the judgment of the court of common pleas is affirmed.

Judgment affirmed.

Jones, E. H., P. J., and Gorman, J., concur.